IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CIRILO CASTANEDA, § 
BOP #49185-177, §
 §
      Petitioner, §
 § CIVIL ACTION NO. H-17-3706
v. §
 §
WARDEN T.J. WATSON, §
 §
      Respondent. §

## MEMORANDUM OPINION AND ORDER

Federal prisoner Cirilo Castaneda (BOP #49185-177) has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1). Now pending is the Respondent United States' Motion for Summary Judgment or Alternatively Motion to Dismiss Petitioner's Motion for Relief Under 28 U.S.C. § 2241 ("Respondent's Motion") (Docket Entry No. 11). Castaneda has not filed a response and his time to do so has expired. After reviewing the pleadings, the court will grant the Respondent's Motion, in part, and will dismiss the Petition for the reasons explained below.

### I. Background

Castaneda was convicted pursuant to his guilty plea on April 9, 2015, to charges of aiding and abetting the possession with intent to distribute 1,000 kilograms or more of marijuana. See United States v. Castaneda, Crim. No. H-11-cr-472-06 (S.D.

Tex.). In a judgment entered on December 8, 2016, Castaneda received a sentence of 70 months' imprisonment. He did not appeal and he is currently serving his sentence at the Federal Correctional Complex in Beaumont, Texas ("FCC Beaumont").

On December 4, 2017, Castaneda filed the pending Petition for habeas corpus relief under 28 U.S.C. § 2241.[1] In several overlapping grounds Castaneda contends that he is entitled to relief because the Health Services Administrator ("HSA Powell") at the Federal Correctional Institution in Bastrop ("FCI Bastrop"), where Castaneda was previously confined, failed to request medical records from the Fort Bend County Jail and denied him adequate medical care in the form of Ibuprofen for chronic pain.[2] Alleging that he was denied adequate medical care with deliberate indifference, Castaneda seeks monetary damages for the violation of his Eighth Amendment rights.[3]

The respondent argues that the Petition must be dismissed because the relief sought is not available under 28 U.S.C. § 2241.[4] Noting further that the Petition was not properly filed in this district, the respondent contends that Castaneda's allegations lack merit and fail to state a claim upon which relief may be granted.[5]

---

[1] Petition, Docket Entry No. 1, p. 9.

[2] Id. at 6-7.

[3] Id. at 8.

[4] Respondent's Motion, Docket Entry No. 11, p. 10.

[5] Id. at 5, 10-17.

## II. Discussion

### A. Castaneda Does Not State a Claim for Habeas Relief

The writ of habeas corpus provides a remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). Thus, a petition for habeas corpus relief under 28 U.S.C. § 2241 may be used to challenge the manner in which a sentence is executed or, if certain criteria are met, to collaterally attack the legality of a conviction or sentence. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001) (explaining that prisoners seeking relief under § 2241 must satisfy the "savings clause" found in 28 U.S.C. § 2255, which is the primary means for a federal prisoner to attack his conviction); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (comparing collateral attacks upon a conviction or sentence based on errors at trial or sentencing, which are governed by 28 U.S.C. § 2255, with habeas corpus petitions challenging the manner in which a sentence is executed, which are governed by 28 U.S.C. § 2241).

Noting that Castaneda seeks monetary damages for unconstitutional conditions of confinement, the respondent argues that the Petition must be dismissed because the writ of habeas corpus does not provide a remedy for such a claim.[6] See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37

---

[6]Respondent's Motion, Docket Entry No. 11, p. 10.

F.3d 166, 168 (5th Cir. 1994) (explaining that a civil rights complaint under 42 U.S.C. § 1983 is an "appropriate legal vehicle to attack unconstitutional . . . conditions of confinement"). To the extent that Castaneda seeks damages for the violation of his right to receive adequate medical care while in federal custody, his claims concern the conditions of his confinement and are actionable, if at all, under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 91 S. Ct. 1999 (1971), which provides a remedy similar to § 1983 for constitutional violations by federal actors. Because Castaneda does not challenge the administration of his sentence or seek speedier release from imprisonment, his Petition fails to state a claim for relief under 28 U.S.C. § 2241 and must be dismissed.

B. **The Civil Rights Claims are Dismissed Without Prejudice**

To the extent that Castaneda seeks to assert claims under <u>Bivens</u>, the respondent argues that all of the complained of actions occurred at FCI-Bastrop, which is in the Western District of Texas.[7] Likewise, the only defendant listed in the pleadings (HSA Powell) has not been served.[8] Because the underlying claims did not accrue in this district and none of the parties are located in this district, Castaneda's civil rights claims were not properly filed in the Southern District of Texas. <u>See</u> 28 U.S.C. § 1391(b).

---

[7]<u>Id.</u> at 5.

[8]<u>Id.</u>

Castaneda has not responded to the Respondent's Motion. The court expressly advised Castaneda that his failure to respond within the time allowed would result in the dismissal of this action for want of prosecution under Fed. R. Civ. P. 41(b).[9] By failing to respond as directed, Castaneda appears to have abandoned his claims. Therefore, rather than transfer the case for further proceedings, the court will dismiss Castaneda's civil rights claims without prejudice to re-filing them in the appropriate venue as a complaint under **Bivens**.

### III. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Respondent United States' Motion for Summary Judgment or Alternatively Motion to Dismiss Petitioner's Motion for Relief Under 28 U.S.C. § 2241 (Docket Entry No. 11) is **GRANTED in part.**

2. The Petition for a Writ of Habeas Corpus filed by Cirilo Castaneda (Docket Entry No. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 2241.

3. Castaneda's civil rights claims for denial of adequate medical care at FCI-Bastrop are **DISMISSED without prejudice** to re-filing in the proper venue.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 28th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[9]Order to Answer, Docket Entry No. 3, p. 3 ¶ 6.